THIS LETTER IS IN RESPONSE TO YOUR REQUEST FOR GUIDANCE TO AVOID CONFLICTS OF INTEREST THAT MAY ARISE IF YOUR WIFE DOES BUSINESS WITH THE STATE. (BY "THE STATE", I MEAN ANY STATE AGENCY, DEPARTMENT, BOARD, COMMISSION, ETC.). I UNDERSTAND YOUR WIFE'S BUSINESS IS A PRIVATE, FOR-PROFIT, SMALL BUSINESS FIRM THAT DOES TECHNICAL WRITING AND GRANT APPLICATIONS. IN THE PAST, SHE HAS PROVIDED SUCH SERVICES AS WRITING POLICY AND PROCEDURE MANUALS FOR STATE AGENCIES. BUT, CURRENTLY SHE HAS NO CONTRACT TO PROVIDE SERVICES TO THE STATE. YOUR WIFE ALSO, FROM TIME TO TIME, ASSISTS CLIENTS IN LOCATING, APPLYING FOR AND OBTAINING GRANTS ADMINISTERED BY THE STATE. THE FIRST QUESTION TO BE ANSWERED IS: WHETHER YOUR WIFE MAY, WHILE YOU SERVE AS DIRECTOR OF FINANCE, CONTRACT TO SELL SERVICES TO THE STATE WITHOUT CREATING A CONFLICT OF INTEREST. THE ANSWER IS A "QUALIFIED YES". AS AN APPOINTED OFFICER OF THE EXECUTIVE BRANCH, YOU ARE A STATE EMPLOYEE. 74 O.S. 840.3 [74-840.3](2) (1986). AS SUCH YOU ARE SUBJECT TO THE PROHIBITIONS SET OUT IN THE OKLAHOMA ETHICS COMMISSION ACT (THE "ACT") WHICH PROVIDES: "NO STATE EMPLOYEE SHALL: 1. DIRECTLY OR INDIRECTLY SOLICIT OR ACCEPT ANY COMPENSATION, GIFT, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. PROVIDED, HOWEVER, THAT THIS SECTION SHALL NOT APPLY TO BONA FIDE CAMPAIGN CONTRIBUTIONS; 2. USE HIS OFFICIAL POSITION TO SOLICIT OR SECURE SPECIAL PRIVILEGES OR EXEMPTIONS FOR HIMSELF OR OTHERS, EXCEPT AS MAY BE PROVIDED BY LAW; 3. DISCLOSE OR OFFER TO DISCLOSE CONFIDENTIAL INFORMATION ACQUIRED BY REASON OF HIS OFFICIAL POSITION TO ANY PERSON, GROUP OR OTHERS NOT ENTITLED TO RECEIVE SUCH CONFIDENTIAL INFORMATION, NOR SHALL HE USE SUCH INFORMATION FOR HIS PERSONAL GAIN OR BENEFIT; 4. SELL, OFFER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED BY OR REGULATED BY THE STATE AGENCY, EXCEPT AS PROVIDED IN (74 O.S. 4243 [74-4243] (1986)); 5. RECEIVE OR SOLICIT ANY COMPENSATION THAT WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT, FOR HIS SERVICES AS AN OFFICER OR EMPLOYEE OF ANY STATE AGENCY, FROM ANY SOURCE OTHER THAN THE STATE, UNLESS OTHERWISE PROVIDED BY LAW; OR 6. ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES." 74 O.S. 4241 [74-4241] (1986). PART 4 OF 4241 IS PERTINENT. IF YOU HOLD A "SUBSTANTIAL FINANCIAL INTEREST" IN YOUR WIFE'S BUSINESS, THEN YOUR WIFE'S BUSINESS MAY NOT SELL GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED OR REGULATED BY A STATE AGENCY, EXCEPT AS PROVIDED IN TITLE 74 O.S. 4243 [74-4243] (1986), WHICH PROVIDES IN RELEVANT PART: "A. NO STATE AGENCY SHALL: "1. ENTER INTO ANY CONTRACT WITH AN EMPLOYEE OF THE AGENCY, OR WITH A BUSINESS IN WHICH AN EMPLOYEE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, UNLESS THE CONTRACT IS MADE AFTER PUBLIC NOTICE BY THE AGENCY AND COMPLIANCE WITH COMPETITIVE BIDDING PROCEDURES. THIS PARAGRAPH SHALL NOT APPLY TO A CONTRACT OF EMPLOYMENT WITH THE STATE; 2. ENTER INTO A CONTRACT WITH OR MAKE ANY RULING OR TAKE ANY ACTION IN FAVOR OF ANY PERSON OR BUSINESS WHICH IS REPRESENTED BEFORE SUCH AGENCY BY A FORMER STATE EMPLOYEE WHO, WHILE A STATE EMPLOYEE, PARTICIPATED SUBSTANTIALLY IN THE PARTICULAR MATTER BEFORE THE AGENCY; OR 3. PURCHASE ANY REAL PROPERTY FROM ANY EMPLOYEE OF SAID STATE AGENCY OR FROM ANY PERSON WHO WITHIN EIGHTEEN (18) MONTHS PRIOR TO SUCH PURCHASE HELD SUCH POSITION WITH THE STATE GOVERNMENT, UNLESS THE PROPERTY IS ACQUIRED EITHER BY CONDEMNATION PROCEEDINGS OR THE PRICE TO BE PAID FOR SUCH PROPERTY IS APPROVED IN WRITING BY THE APPOINTING AUTHORITY OF THE AGENCY ACQUIRING SUCH PROPERTY AND BY THE GOVERNOR." (EMPHASIS ADDED.) AS A STATE EMPLOYEE, YOU MAY NOT SELL, THROUGH A BUSINESS ENTERPRISE IN WHICH YOU HOLD A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY, OR TO ANY BUSINESS ENTITY LICENSED OR REGULATED BY ANY STATE AGENCY, UNLESS THE CONTRACT IS MADE AFTER PUBLIC NOTICE BY THE AGENCY AND IN COMPLIANCE WITH THE COMPETITIVE BIDDING PROCEDURES. 74 O.S. 4241 [74-4241](4) AND 74 O.S. 4243 [74-4243](A)(1) (1986). THIS PROHIBITION WOULD HINDER YOUR WIFE'S BUSINESS SELLING SERVICES TO THE STATE ONLY IF YOU HOLD A SUBSTANTIAL FINANCIAL INTEREST IN YOUR WIFE'S BUSINESS. 74 O.S. 4241 [74-4241](4). THE TERM " SUBSTANTIAL FINANCIAL INTEREST " IS BROADLY DEFINED: " SUBSTANTIAL FINANCIAL INTEREST " MEANS AN INTEREST THAT COULD RESULT IN DIRECTLY OR INDIRECTLY RECEIVING A SUBSTANTIAL PECUNIARY GAIN OR SUSTAINING A SUBSTANTIAL PECUNIARY LOSS AS A RESULT OF OWNERSHIP OR INTEREST IN A BUSINESS ENTITY, OR AS A RESULT OF SALARY, GRATUITY OR OTHER COMPENSATION OR REMUNERATION FROM ANY INDIVIDUAL, PARTNERSHIP, ORGANIZATION OR ASSOCIATION. . . ." 74 O.S. 840.3 [74-840.3] (1986). THIS DEFINITION APPARENTLY HAS NOT BE CONSTRUED BY AN APPELLATE COURT. BUT, GIVEN THE BROAD DEFINITION, IT SEEMS PRUDENT TO ASSUME A COURT WOULD FIND A HUSBAND INDIRECTLY BENEFITS OR SUFFERS AS A RESULT OF THE VICISSITUDES OF HIS WIFE'S BUSINESS AND, THEREFORE, HOLDS A SUBSTANTIAL FINANCIAL INTEREST IN HIS WIFE'S BUSINESS. IT IS THIS WRITER'S OPINION THAT, ASSUMING YOU HOLD A SUBSTANTIAL FINANCIAL INTEREST IN YOUR WIFE'S BUSINESS, YOUR WIFE'S BUSINESS MAY CONTRACT TO SELL GOODS OR SERVICES TO A STATE AGENCY ONLY AFTER THE AGENCY GIVES PUBLIC NOTICE AND COMPLIES WITH COMPETITIVE BIDDING PROCEDURES. THE SECOND QUESTION TO BE ANSWERED IS WHETHER YOUR WIFE MAY ASSIST HER CLIENTS IN APPLYING FOR GRANTS ADMINISTERED BY THE STATE. YOUR WIFE MAY CONTINUE TO WRITE GRANT APPLICATIONS SO LONG AS YOUR CONDUCT DOES NOT VIOLATE ANY OF THE PROHIBITIONS SET OUT IN 74 O.S. 4241 [74-4241] (1986), QUOTED IN FULL ABOVE. FOR EXAMPLE, ASSUME YOU CONTROL A GRANT FOR WHICH YOUR WIFE APPLIES ON BEHALF OF A CLIENT. 74 O.S. 4241 [74-4241](1) PROHIBITS YOU FROM DIRECTLY OR INDIRECTLY ACCEPTING ANY COMPENSATION, GIFT, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING YOUR CONTROL OF THE GRANT. IT IS CONCEIVABLE THAT, IN A GIVEN CONTEXT, YOUR WIFE'S CONDUCT MAY BE CONSTRUED AS GIVING SERVICES, ETC., FOR THE PURPOSE OF INFLUENCING YOU. BUT, SUCH A DETERMINATION WOULD DEPEND ON THE FACTS OF THE INDIVIDUAL CIRCUMSTANCE. BASICALLY, WITH REGARD TO YOUR WIFE'S ASSISTING CLIENTS IN APPLYING FOR GRANTS, YOU SHOULD CONDUCT YOURSELF SO AS NOT TO VIOLATE ANY OF THE PROHIBITIONS OF 74 O.S. 4241 [74-4241] (1986), QUOTED IN FULL HEREIN. (JEFF MIXON)